**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/31/2022
```

------------------------------------------------------------- X

LOCUS TECHNOLOGIES,

                            Plaintiff,

v.

HONEYWELL INTERNATIONAL INC.,

                            Defendant.

------------------------------------------------------------- X

Case No. 1:19-cv-11532-PGG-KHP

Judge Paul G. Gardephe
Magistrate Judge Katharine H. Parker

## STIPULATION AND PROPOSED PROTECTIVE ORDER

      WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of the above-captioned action ("Action"):

      1.    Counsel for any Party or a Third-Party subpoenaed by one of the Parties may designate any document or information, including oral testimony, in whole or in part, as confidential if counsel or the Third-Party determines, in good faith, that such designation is necessary to protect the interests of the Party or the Third-Party in information that it asserts is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a Party or Third-Party as confidential will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

3. Counsel for any Party or a Third-Party subpoenaed by one of the Parties may designate any document or information, including oral testimony, in whole or in part, as attorneys' eyes only if counsel determines, in good faith, that the materials or information meet the test set forth in Paragraph 1 and are also so competitively sensitive that the receipt of the information by Parties to the litigation could result in competitive harm to the producing Party ("AEO Information"). Information and documents designated by a Party or Third-Party as attorneys' eyes only will be stamped "ATTORNEYS' EYES ONLY."

4. The AEO Information disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

5. Any Third-Party subpoenaed by one of the Parties shall be provided with a copy of this Stipulated Protective Order.

6. Inadvertent or unintentional production of documents or information which should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be deemed a waiver in whole or in part of the Party's or Third-Party's claims of confidentiality. If a Party or Third-Party has inadvertently or unintentionally produced information which should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the producing Party or Third-Party shall notify the receiving Party of the inadvertent production and that the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall be applied to such documents or information.

7. If Confidential or AEO Information is the subject of any deposition testimony or is attached to or otherwise included with a deposition transcript, a Party or Third-Party may indicate on the record that a question calls for Confidential or AEO Information, in which case the transcript of the question and answer shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the court reporter. Alternatively, a Party or Third-Party may designate information

disclosed at the deposition as Confidential or AEO Information by notifying the other Party or Parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or thereafter if within a reasonable time under the circumstances and as agreed by the Parties, such as with when a number of depositions may be taken close in time. In addition, if Confidential or AEO Information is the subject of any deposition testimony, any individual present for the deposition who does not fall within the categories of individuals permitted to receive the Confidential or AEO Information must exit the deposition for the duration of the testimony involving Confidential or AEO Information. A transcript shall be treated as ATTORNEYS' EYES ONLY during the thirty-day (or more as agreed) period during which the Parties are reviewing the transcript for confidentiality markings.

8. Any summaries or notes or similar derivations or compilations prepared from any document marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are subject to the provisions of this Protective Order.

9. In the event a Party challenges another Party's designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential or AEO Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential or AEO Information.

10. Entry of this Protective Order, compliance with its terms or lack of objection to a designation shall not constitute an admission that any document or information does in fact contain trade secret, proprietary data, or other confidential information. In addition, the Parties to this

Protective Order shall not be obligated to challenge the propriety of a confidentiality designation under this Protective Order and a failure to do so shall not preclude any subsequent objection to such designation or characterization or a motion to seek permission to disclose such Confidential or AEO Information contained thereon to persons not referred to in this Protective Order, or from otherwise seeking to modify the provisions of this Protective Order.

11. All information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. Outside counsel and in-house counsel for the Parties in this Action;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Court reporters who record deposition or other testimony in this Action;

    d. Such current and/or former employees, officers, or directors of the Parties as their counsel, in good faith, requires to provide assistance in this Action, with disclosure only to the extent necessary to provide such assistance;

    e. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    f. Any mediator and/or arbitrator engaged to assist in the resolution of this litigation;

    g. The Court (including any person having access to any Confidential Information by virtue of his or her position with the Court); and

    h. Any other person as to whom the Parties agree in writing.

12. Except with the prior written consent of the producing Party or Third-Party or upon prior order of this Court obtained after sufficient notice to all counsel, all information designated

4

as "ATTORNEYS' EYES ONLY" may be disclosed or made available only to the individuals listed in subparagraphs 11(a), (b), (c), (e), (f), (g), and (h) and to the extent necessary for the purpose of assisting in the prosecution or defense of this Action. AEO Information may also be disclosed or made available to employees, officers, or directors of the producing Party by the non-producing Party at deposition. AEO Information may also be disclosed or made available to former employees, officers, or directors of the producing Party by the non-producing Party at deposition provided that the deponent would have had access to the information at issue during the deponent's employment.

13. Prior to disclosing or displaying the Confidential or AEO Information to any person given access to Confidential or AEO Information pursuant to subparagraphs 11(e), (f), or (h), counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto, which shall be maintained by the disclosing Party's Counsel.

14. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information.

In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

15.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

16.     Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

17.     As applicable, the provisions of this Protective Order shall remain in full force and effect after the termination of this Action. At the conclusion of this Action, Confidential and AEO Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. This Court shall retain jurisdiction over this

6

Protective Order and the Parties, their Counsel, and those persons to whom the Confidential Information or Attorneys' Eyes Only Information was disclosed for the purposes of enforcing the terms of this Protective Order.

18. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential or AEO Information if otherwise required by law or pursuant to a valid subpoena.

19. If for any reason this Protective Order is not entered as an Order of the Court, the terms of this Order shall, nevertheless, remain binding upon the Parties hereto.

**SO STIPULATED AND AGREED:**

MICHELMAN & ROBINSON, LLP

/s/ John Giardino
John Giardino, Esq.
800 Third Avenue, 24th Floor
New York, NY 10022
T: 212.730.7700
F: 212.730.7725
jgiardino@mrllp.com

*Attorneys for Plaintiff Locus Technologies*

THOMPSON HINE LLP

/s/ Christine M. Haaker
Christine M. Haaker, Esq.
Admitted *Pro Hac Vice*
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
T: 937.443.6600
F: 937.443.6635
Christine.Haaker@ThompsonHine.com

*Attorneys for Defendant Honeywell International Inc.*

**SO ORDERED.**

Dated: May 31, 2022
New York, New York

KATHARINE H. PARKER, U.S.M.J.
*Katharine H. Parker*

7

## **Agreement**

       I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

       I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

Case 1:19-cv-11532-PGG-KHP Document 85-1 Filed 05/27/22 Page 8 of 10

8

| | |
|---|---|
| F: 212.730.7725<br>jgiardino@mrllp.com | T: 937.443.6600<br>F: 937.443.6635<br>Christine.Haaker@ThompsonHine.com |
| *Attorneys for Plaintiff Locus Technologies* | *Attorneys for Defendant Honeywell International Inc.* |

**SO ORDERED.**

Dated: _____
New York, New York

KATHARINE H. PARKER, U.S.M.J.
_____

8

**Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:

_____
(Attorney)