UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

LOCUS TECHNOLOGIES,

                Plaintiff,

- against -

HONEYWELL INTERNATIONAL INC.,

                Defendant.

**ORDER**

19 Civ. 11532 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        In this diversity action, Plaintiff Locus Technologies ("Locus") asserts claims for breach of contract, account stated, and misappropriation of trade secrets against Defendant Honeywell International Inc. (Cmplt. (Dkt. No. 1) ¶¶ 124-53) These claims arise out of a sixteen-year contractual relationship between the parties, during which Defendant Honeywell utilized Plaintiff Locus's proprietary software products. Locus contends that Honeywell breached the underlying contracts; did not make payments required by those agreements; and disclosed Plaintiff's proprietary information in a 2018 Request for Proposal, in violation of Honeywell's contractual obligations and the Delaware Uniform Trade Secrets Act ("DUTSA"), 6 Del. C. § 2001, et seq. (Id. ¶¶ 25-153)[1]

        In September 2024, Defendant moved for summary judgment. (Mot. for Sum J. (Dkt. No. 168)) In connection with that motion, both sides moved to seal certain portions of the summary judgment record. (See Jt. Sealing Ltr. (Dkt. No. 167))

---

[1] The Court assumes familiarity with the facts of this case, which are set forth in more detail in this Court's September 30, 2022 Order adopting Judge Parker's Report and Recommendation and denying Honeywell's motion to dismiss. (See Sept. 30, 2022 Order (Dkt. No. 95))

On December 13, 2024, this Court granted in part and denied in part the parties' motions to seal. (Dkt. No. 187) This Court also granted the parties leave to file new sealing motions as to a subset of documents for which the Court had denied sealing. For example, the Court denied without prejudice Plaintiff's request to seal the 233-page Expert Report of Zaydoon Jawadi (the "Jawadi Report") and accompanying exhibits. (Id. at 13-14) The Court instructed that any new sealing motion would explain (1) why sealing was necessary to preserve higher values; and (2) why the proposed sealing was narrowly tailored to serve that purpose. (Id. at 14)

On December 20, 2024, Plaintiff moved to seal portions of the Jawadi Report (Dkt. No. 173-3) and portions of the Declaration of Rakesh Singh (Dkt. No. 173-6). (See Dec. 20, 2024 Pltf. Sealing Ltr. (Dkt. No. 190) at 3)[2] Plaintiff contends that these documents contain trade secrets and confidential information concerning its business, finances, and strategies. (Id. at 2)

## I.   LEGAL STANDARDS

As a general matter, documents filed in support of a motion "are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006). This "presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." Id.

The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. A court must first determine whether the presumption of

---

[2] The page numbers of documents referenced in this Order — other than the Jawadi Report — correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system. Citations to the Jawadi Report correspond to the page numbers at the bottom of each page.

public access attaches to the documents at issue. A presumption of public access attaches to any item that constitutes a "judicial document" – i.e., an "'item . . . relevant to the performance of the judicial function and useful in the judicial process.'" Id. at 115 (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). If the court determines that a document for which sealing is sought is a "judicial document," the court must then determine the weight of the presumption of access. "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. at 119 (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). "'Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" Id. (quoting Amodeo II, 71 F.3d at 1049). Finally, after determining the weight of the presumption of access, the court must "'balance competing considerations against it.'" Id. at 120 (quoting Amodeo II, 71 F.3d at 1050). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. (quoting Amodeo II, 71 F.3d at 1050).

## II.   ANALYSIS

Here, the documents at issue were submitted in connection with Defendant's motion for summary judgment, and thus are "judicial documents." There is a strong presumption of public access to these materials because they will "directly affect" this Court's adjudication of this case. See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Assn. of Sec. Dealers, Inc., No. 07 Civ. 2014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) ("Motion papers are judicial documents and are thus subject to a strong presumption of access under the First Amendment."). To rebut

the strong presumption of public access that applies here, the party seeking sealing must offer specific facts "demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).

The Court considers below whether Plaintiff has made the showing necessary to justify sealing.

A.  **Expert Report of Zaydoon Jawadi**

Plaintiff seeks redaction as to the following pages of the Jawadi Report (Dkt. No. 173-3): pages 19-25, 57-59, 65, 91, 108, 124, 131, 133, 138, 140, 141, 148-150, 155, 157-59, 168, 172-74, 180, 184, 186-200, 202, and 203. The Court's rulings as to each proposed redaction are set forth below:

| Location of Proposed Redactions | Ruling | Explanation |
|---|---|---|
| Page 19 | Denied | There are no proposed redactions on page 19. |
| Page 20 | Denied | Page 20 contains no trade secret, confidential, or proprietary information. |
| Pages 21-22 | Granted | The redacted information found on pages 21 and 22 reveal Locus's alleged trade secrets. |
| Page 23 | Denied | Page 23 contains no trade secret, confidential, or proprietary information. |
| Pages 24-25 | Denied | There are no proposed redactions on pages 24-25. |
| Page 57 | Denied | Page 57 contains an excerpt from a letter that Plaintiff's CEO sent to Honeywell, and includes a general discussion about how Locus and Honeywell worked together before their relationship "became broken." Page 57 does not disclose Locus's trade secrets and contains no substantive discussion of Locus's business practices. |
| Pages 58-69 | Denied | These pages contain no trade secret, confidential, or proprietary information. These pages primarily concern Honeywell's complaints about Locus's EIM software product. |
| Page 65 | Granted | The redacted information on page 65 reveals Locus's alleged trade secrets. |
| Page 91 | Granted | The redacted information on page 91 reveals Locus's alleged trade secrets. |

| | | |
|---|---|---|
| Page 108 | Granted | The redacted information on page 108 reveals Locus's alleged trade secrets. |
| Page 124 | Denied | Page 124 contains no trade secret, confidential, or proprietary information. |
| Page 131 | Granted | The redacted information on page 131 reveals Locus's alleged trade secrets. |
| Page 133 | Denied | Page 133 contains no trade secret, confidential, or proprietary information. |
| Page 138 | Granted | The redacted information on page 138 reveals Locus's alleged trade secrets. |
| Page 140 | Granted in part, denied in part | Granted as to Paragraph 504, because the redacted information reveals Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Page 141 | Denied | Page 141 contains no trade secret, confidential, or proprietary information. |
| Page 148 | Granted in part, denied in part | Granted as to Paragraph 549, because the redacted information reveals Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Pages 149-50 | Granted | The redacted information on pages 149 and 150 reveals Locus's alleged trade secrets. |
| Page 155 | Granted | The redacted information on page 155 reveals Locus's alleged trade secrets. |
| Page 157 | Granted in part, denied in part | Granted as to paragraphs 594 and 595 because the redacted information reveals Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Pages 158-59 | Granted | The redacted information on pages 158 and 159 reveals Locus's alleged trade secrets. |
| Page 168 | Denied | Page 168 contains no trade secret, confidential, or proprietary information. |
| Pages 172-74, 180 | Granted | The redacted information on pages 172 to 174 and page 180 reveals Locus's alleged trade secrets. |
| Pages 184, 186-87 | Denied | Pages 184 and 186 to 187 contain no trade secret, confidential, or proprietary information. |
| Page 188 | Granted in part, denied in part | Granted as to Paragraph 760, because the redacted information reveals Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Page 189 | Granted in part, denied in part | Granted as to Paragraphs 765, 766, and 770, because they reveal Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |

| | | |
|---|---|---|
| Page 190 | Granted in part, denied in part | Granted as to Paragraph 775, because it reveals Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Page 191 | Granted in part, denied in part | Granted as to Paragraphs 780 and 785, because they reveal Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Page 192 | Granted in part, denied in part | Granted as to Paragraphs 790 and 796, because they reveal Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Page 193 | Granted in part, denied in part | Granted as to Paragraphs 802 and 807, because they reveal Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Page 194 | Denied | Page 194 does not contain trade secret, confidential, or proprietary information. |
| Page 195 | Granted in part, denied in part | Granted as to Paragraph 822, because it reveals Locus's alleged trade secrets. Otherwise denied, because the remaining paragraphs do not contain trade secret, confidential, or proprietary information. |
| Pages 196-197 | Denied | Pages 196 and 197 do not contain trade secret, confidential, or proprietary information. |
| Pages 198-203 | Granted | Pages 198 to 203 reveal Locus's alleged trade secrets. |

**B.   Declaration of Rakesh Singh**

Plaintiff also seeks to redact portions of pages 2-3, 5,7, and 9 of the Declaration of Rakesh Singh (Dkt. No. 173-6). The motion is granted as to each proposed redaction because the redacted information reveals Locus's alleged trade secrets.

## **CONCLUSION**

Plaintiff's motion to seal is granted in part and denied in part as set forth above. By **January 9, 2025**, the parties will make the filings on the public docket necessary to comply with this Order. The Clerk of Court is directed to terminate the motion (Dkt. No. 190).

Dated: New York, New York
       December 30, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

7